UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HAMID REZA ARDANEH.<br>Plaintiff,<br><br>v.<br><br>COMMONWEALTH OF<br>MASSACHUSETTS, ET AL.,<br>Defendants. | **CIVIL ACTION**<br>No. 23-11637-TSH |

MEMORANDUM AND ORDER

HILLMAN, J.

For the reasons set forth below, the Court dismisses this action without prejudice.

**Background**

Plaintiff Hamid Reza Ardaneh ("plaintiff" or "Ardaneh"), appearing *pro se*, initiated this action on July 21, 2023, by filing his complaint on the preprinted Pro Se 1 form (complaint for civil case) provided by the Administrative Office of the United Sates Courts. Complaint ("Compl."), Docket No. 1. Attached to the complaint are 48-pages of exhibits. Docket No. 1-2. With the complaint, Ardaneh filed an Application to Proceed in District Court without Prepaying Fees or Costs. Docket No. 2.

Ardaneh is a pretrial detainee at the Middlesex Jail and House of Correction in Billerica, Massachusetts. Compl. at ¶ I(A) (the plaintiff). Named as defendants are the Commonwealth of Massachusetts, an associate justice for the Massachusetts Superior Court and an assistant district attorney with the Middlesex County District Attorney's office. *Id.* at ¶ I(B) (the defendant(s)). For the statement of claim, Ardaneh states, in part, the following:

> The Commonwealth on 2016 made unconstitutional knowingly retaliated false accusations, did not presented any evidence to show any crime was committed. The Prosecution presented one knowingly false testimony to the Grand Jury and made Unconstitutional false indictment, without trial, without discovery, no any investigation, no rights to counsel deprived of life and liberty and seven years jailed me.

*Id.* at ¶ I(B) (the statement of claim).

For relief, Ardaneh seeks "to Remove the State Criminal Prosecution to Federal Court or Administrative Procedure Act, Federal Financial Assistance in the Case to Stop Discrimination based on [Ardaneh's] National Origin, and to enforce equal laws under the U.S. Constitution to Protect [Ardaneh's] Rights, life and liberty for Iranian Legal Refugee to the U.S.A." *Id.* at ¶ IV (relief). He further states that he seeks "to Prevent Prejudice, Discrimination, and injustice, and [he is] requesting for injunction relief and appropriate relief by Federal Court for Guaranteed Due Process Rights, and Guarantees a fair and speedy trial after seven years absolutely injustice by the Commonwealth of Massachusetts." *Id.*

Less than one week after initiating this action, Ardaneh advised the Court that he was moved to the Worcester Recovery Center. Docket No. 4. At that time, he also filed a Notice of Appeal. Docket No. 5. On September 8, 2023, the United States Court of Appeals for the First Circuit dismissed the appeal for lack of jurisdiction. Docket No. 16.

On August 21, 2023, Ardaneh advised the Court that he was returned to the Middlesex Jail and House of Correction. Docket No. 10. He subsequently filed several exhibits, *see* Docket Nos. 11, 14-15, as well as a motion seeking to have the trial judge recuse himself from the criminal matter now pending in the Middlesex Superior Court. Docket No. 13.

## Discussion

Under *Younger v. Harris*, 401 U.S. 37, 41 (1971), "a federal court must abstain from reaching the merits of a case over which it [otherwise[ has jurisdiction so long as there is (1) an

ongoing state judicial proceeding, instituted prior to the federal proceeding ... that (2) implicates an important state interest, and (3) provides an adequate opportunity for the plaintiff to raise the claims advanced in his federal lawsuit." *Brooks v. New Hampshire Supreme Court*, 80 F.3d 633, 638 (1st Cir. 1996) (citing *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). "In fact, federal courts must 'abstain from interfering with state court proceedings even where defendants claim violations of important federal rights.'" *Watson v. Ordonez*, No. 17-cv-11871-NMG, 2018 WL 3118420, at *2 (D. Mass. June 22, 2018) (quoting *In re Justices of Superior Court Dep't of Mass. Trial Court*, 218 F.3d 11, 17 (1st Cir. 2000) (collecting cases)). "Except in the most extraordinary cases, a federal court must presume that state courts, consistent with the imperatives of the Supremacy Clause, *see* U.S. Const. art. VI, are fully competent to adjudicate federal constitutional and statutory claims properly presented by the parties." *Casa Marie, Inc. v. Super. Ct.*, 988 F.2d 252, 262 (1st Cir.1993) (footnote omitted).

Here, all three elements for *Younger* abstention are fulfilled. First, there is an on-going criminal proceeding instituted prior to this action. Second, the Commonwealth's resolution of alleged violations of state criminal law implicates an important state interest. Third, Ardaneh can raise his objections to the Superior Court's orders and actions in that court, or in the appellate courts of the Commonwealth. Accordingly, because adjudication of Ardaneh's claims would interfere in the state criminal prosecution against him, this Court abstains from exercising its jurisdiction over such claims and the action will be dismissed in its entirety without prejudice.

Finally, the Court's records indicate that Ardaneh has been a party to several actions in this federal court and that at least 4 other actions were dismissed on the ground of *Younger* abstention. *See Ardaneh v Commonwealth*, No. 23-10614-LTS (dismissed Jun. 21, 2023), *appeal filed*, No. 23-1634 (July 27, 2023); *Ardaneh v Commonwealth*, No. 23-10148-RGS (dismissed Feb. 10,

2020), *appeal filed*, No. 23-1218 (1st Cir. Mar. 3, 2023); *Ardaneh v United States Gov't*, No. 20-10937-WGY (dismissed Sept. 1, 2020), *aff'd*, No. 20-1887 (1st Cir. Jan. 26, 2021), *cert denied*, No. 20-7696 (June 7, 2021); and *Ardaneh v. Calis*, No. 17-12171-LTS (dismissed Dec. 29, 2017).

## Conclusion

Accordingly, for the foregoing reasons, this action is dismissed without prejudice. No filing fee is assessed.

SO ORDERED.

September 11, 2023                /s/ Timothy S. Hillman
DATE                                 UNITED STATES DISTRICT JUDGE